Cite as 2026 Ark. 111

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – RECOMMENDATIONS TO AMEND RULE 54(B) OF THE ARKANSAS RULES OF CIVIL PROCEDURE AND RULE 4(A) OF THE ARKANSAS RULES OF APPELLATE PROCEDURE - CIVIL | **Opinion Delivered:** June 4, 2026 |

## PER CURIAM

The Arkansas Supreme Court's Committee on Civil Practice submitted this recommendation for a change to Rule 54(b) of the Arkansas Rules of Civil Procedure and Rule 4(a) of the Arkansas Rules of Appellate Procedure-Civil. We publish this proposed amendment for comment before the court considers the change. The comment period shall end on August 1, 2026. Comments should be submitted in writing to: Kyle E. Burton, Clerk of the Arkansas Supreme Court, Attention: Amendments to Arkansas Rules of Appellate Procedure and Rules of Civil Procedure, Justice Building, 625 Marshall Street, Little Rock, AR 72201, or by email: rulescomments@arcourts.gov. The amendments are shown in "line-in, line-out" form.

**Arkansas Rules of Civil Procedure**

**Rule 54. Judgment; Costs**

★★★★★

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.*

(1) *Certification of Final Judgment.*   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which <u>may be attached to the judgment or filed separately</u>~~shall appear immediately after the court's signature on the judgment~~, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based:

<u>Rule 54(b) Certificate</u>

With respect to the issues determined by the ~~above~~ judgment<u> entered on [insert date]</u>, the court finds:

[Set forth specific factual findings.]

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

Certified this _____ day of _____, _____


_____
Judge


(2) <u>*Timing of Rule 54(b) Certificate.*</u>

<u>(A) If the certificate is not made part of the judgment when the judgment is entered, then a party seeking a Rule 54(b) certificate must file a motion for a certificate within 14 days after entry of the judgment for which it seeks a certificate.</u>

<u>(B) If a certificate is not entered within 30 days after the motion is filed, then</u>

the motion is deemed denied as of the 30th day.

(C) No certificate may be entered more than 45 days after the judgment that is the subject of the certification or 30 days after the motion is filed, whichever is later.

(3~~2~~) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

(4~~3~~) *Review of Finality.* The finality of a judgment, order, or other form of decision containing the certificate required by paragraph (1) of this subdivision may be reviewed only pursuant to a timely notice of appeal filed in accordance with Rule 4, Ark. R. App. P.–Civ.

(5~~4~~) *Retention of Jurisdiction.* An appeal of a judgment, order, or other form of decision containing the certificate required by paragraph (1) of this subdivision shall not affect the trial court's jurisdiction over other claims or parties.

(6~~5~~) *Named but Unserved Defendant.* Any claim against a named but unserved defendant, including a "John Doe" defendant, is dismissed by the circuit court's final judgment or decree.

**Addition to Reporter's Notes, 2026**: Subdivision (b)(1) has been amended to remove the requirement that a Rule 54(b) certificate appear in the same document as the judgment it certifies. Because the certificate may now be separate from the judgment, a new Rule 54(b)(2) has been added to define the time limits for adding the certificate. Nothing in the rule as amended requires that the certificate be separate from the judgment. The Court and the parties remain free to make it part of the judgment document. Nor are these amendments intended to remove the Court's discretion to certify the judgment on its own motion. *See* Rule 54(b)(1) (noting that "the court may direct" entry of a certified judgment).

**Arkansas Rules of Appellate Procedure – Civil**

**Rule 4. Appeal – When Taken.**

(a) *Time for filing notice of appeal or cross-appeal*.

(1) Notice of appeal. ~~Except as~~Unless otherwise provided in ~~subdivisions~~ (b) ~~and~~ or (c) of this rule, a notice of appeal ~~shall~~ must be filed within thirty (30) days from:

(A) the entry of the judgment, decree, or order appealed from; or

(B) the entry of the Rule 54(b) certificate certifying the judgment, decree, or order appealed from.

(2) Notice of cross-appeal. A notice of cross-appeal ~~shall~~ must be filed within the later of:

(A) ten (10) days after ~~receipt of~~ the notice of appeal is filed; or

(B) ~~except that in no event shall a cross-appellant have less than~~ thirty (30) days from the entry of the judgment, decree or order appealed from ~~within which to file a notice of cross-appeal.~~.

(3) Early-filed notices. A notice of appeal or cross-appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.

**Addition to Reporter's Notes, 2026**: Consistent with the 2026 amendments to Arkansas Rule of Civil Procedure 54(b), which allow a Rule 54(b) certificate to be entered separately from the judgment being certified, Rule 4 has been amended to specify that the time for filing a notice of appeal from the entry of a Rule 54(b) certificate runs from the entry of the certificate—whether contained in the judgment or entered separately. Other amendments were stylistic and were intended to improve readability.

WEBB, J., not participating.

4